1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9    ERIC W. BURTON

10            Plaintiff,                    CIV S-11-1616 MCE CKD P

11        vs.

12   MATTHEW CATE                      FINDINGS AND RECOMMENDATIONS

13            Defendants.
     _____/

14

15            Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to

16   proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this

     court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

17

18            The court is required to screen complaints brought by prisoners seeking relief

19   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

20   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

     claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

21   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

22   U.S.C. § 1915A(b)(1),(2).

23            A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

24   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

25   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

26

                                         1

1  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

2  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

3  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

4  Cir. 1989); Franklin, 745 F.2d at 1227.

5         When considering whether a complaint states a claim upon which relief can be

6  granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

7  (2007), and construe the complaint in the light most favorable to the plaintiff.  See Scheuer v.

8  Rhodes, 416 U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than

9  those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Still, to survive

10 dismissal for failure to state a claim, a pro se complaint must contain more than "naked

11 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

12 action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

13 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

14 statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

15 claim upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at

16 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

17 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

18 Iqbal, 129 S. Ct. at 1949.  Attachments to a complaint are considered to be part of the complaint

19 for purposes of a motion to dismiss for failure to state a claim.  Hal Roach Studios v. Richard

20 Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

21        Although plaintiff initiated this action on the form this court provides to prisoners

22 for filing a complaint under the Civil Rights Act, his ultimate relief, if granted, would be release

23 from prison.  Such relief is only available under 28 U.S.C. § 2254.  The court has the discretion

24 to convert a mischaracterized civil rights action into a habeas action.  However, for the reasons

25 that follow, the court declines to exercise that discretion.

26 ////

Plaintiff acknowledges that he has already filed an action in the Southern District of California, Civil Action No. 3:08-cv-0325 LAB POR.  See Complaint at 2 (Docket No. 1). The court's review of the docket and documents in that case show that it is a habeas action challenging a conviction in El Cajon, California, which is in San Diego County.  See Civil Action No. 3:08-cv-0325 LAB POR (S.D. Cal.), First Amended Petition at 1 (Docket No. 21). Plaintiff asks this court for equitable tolling of the habeas statute pending final resolution of the action in the Southern District of California.  See Complaint at 3.  Although petitioner fails to state how the instant action might depend on the resolution of the action in the Southern District of California, it is apparent that both actions attack the same underlying state court conviction.

If this court converted this case into one seeking habeas relief, this court and the United States District Court in the district where petitioner was convicted would have jurisdiction.  See Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973).  This court would then immediately transfer this case to the venue where any and all witnesses and evidence necessary for the resolution of petitioner's application are more readily available – i.e., to the Southern District of California.  Id. at 499 n.15; 28 U.S.C. § 2241(d).  That court would then have to consider whether this newly transferred case is successive of the petition already before it.[1]  Conversion to a habeas case would thus set in motion a laborious sequence of potentially pointless procedural exercises.  The interests of judicial economy and comity would be much better served by the simpler course of dismissing this case for failure to state a claim under the Civil Rights Act, 42 U.S.C. § 1983.  The court should choose that course.

Accordingly, IT IS RECOMMENDED that this case be dismissed for failure to state a claim under the Civil Rights Act, 42 U.S.C. § 1983.

---

[1] In the absence of an order from the court of appeals authorizing the filing of a second or successive habeas petition, any such petition must be dismissed.  See Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997).  Without opining as to whether this case would require dismissal, the court notes that petitioner has presented no such order from the Ninth Circuit with his complaint.

1     These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

3  one days after being served with these findings and recommendations, any party may file written

4  objections with the court and serve a copy on all parties.  Such a document should be captioned

5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6  shall be served and filed within twenty-one days after service of the objections.  The parties are

7  advised that failure to file objections within the specified time may waive the right to appeal the

8  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9   Dated: August 24, 2011

10

11                                                CAROLYN K. DELANEY
                                                  UNITED STATES MAGISTRATE JUDGE
12

13

14

15  3
    burt1616.57
16

17

18

19

20

21

22

23

24

25

26